HALL DRIVE INS, INC. d/b/a Don Hall's Guesthouse, Defendant–Appellant,

v.

CITY OF FORT WAYNE, Plaintiff–Appellee.

No. 02S04–0109–CV–423.

Supreme Court of Indiana.

Aug. 16, 2002.

M. Scott Hall, Barnes & Thornburg, Fort Wayne, IN, Attorney for Appellant.

Martin T. Fletcher, Sr., Christine M. Stach, Rothberg, Logan & Warsco, Fort Wayne, IN, Attorneys for Appellee.

On Petition To Transfer.

DICKSON, Justice.

The defendant-appellant, Halls Drive–Ins, Inc. d/b/a Don Hall's Guesthouse, ("Guesthouse") appeals from a judgment finding that it violated the City of Fort Wayne Smoking Ordinance. The Court of Appeals reversed, 747 N.E.2d 638 (Ind.Ct. App.2001), and we granted transfer. 761 N.E.2d 418 (Ind.2001). Concluding that Guesthouse does not fall within one of the exceptions provided in the ordinance, we affirm the trial court.

Noting in its introductory clauses that children, elderly people, and certain other persons are at special risk to secondhand smoke, and that secondhand smoke induces various health hazards [1], the City of Fort Wayne enacted an Ordinance prohibiting smoking in restaurants. FORT WAYNE, IND., CITY CODE, Tit. IX, § 95.60–.70 (1998). Don Hall's Guesthouse ("Guesthouse"), a restaurant in Fort Wayne, was cited on November 18, 1999, for violating the ordinance when a Captain in the Code Enforcement Division of the Fort Wayne Fire Department observed patrons smoking in the bar room area of Guesthouse. The ordinance expressly prohibits smoking in "restaurants," § 95.62, which it defines

1. These statutory findings state in relevant part:

WHEREAS people at special risk to secondhand smoke are children, elderly people, individuals with cardiovascular disease, and individuals with impaired respiratory function, including asthmatics and those with obstructive airway disease; and WHEREAS health hazards induced by breathing secondhand smoke include lung cancer, heart disease, respiratory infection, decreased respiratory function, and bronchospasm; and WHEREAS, the Fort Wayne Common Council finds and declares that the purposes of this ordinance are: 1). to protect the public health and welfare by prohibiting smoking in "Restaurants"; and 2). to guarantee the right of nonsmokers to breathe smoke free air, and to recognize that the need to breathe smoke free air shall have priority over the desire to smoke.

Fort Wayne, Ind., General Ordinance No. G–22–98 (June 23, 1998).

as "[a]ny enclosed building, structure or area used as or held out to the public as having food available for payment to be consumed on the premises, including bars, coffee shops, cafeterias, cafes, luncheonettes, soda fountains, and taverns." § 95.60. The ordinance provides four exceptions.[2] Guesthouse was cited for failing to fulfill the requirements of the second exception, which provides in relevant part that the following is excluded from application of the ordinance:

> A designated room or other enclosed area within a restaurant otherwise regulated and subject to this smoking ban provided that such area is completely enclosed and separate from the remainder of the smoke free enclosed areas of the facility by solid floor to ceiling walls and doors and/or windows which must remain closed except for entry and exit of persons from the room or where a window or door ventilates to the outside of the building. No restaurant covered by this ordinance shall be designated a smoking area in its entirety. . . .

§ 95.63(A)(2) (the "Enclosure Exception").

■ Guesthouse does not contest that its structure failed to satisfy the Enclosure Exception. Instead, it argues that it fulfilled the requirements of one of the other exceptions, which exempts from the smoking restrictions "[r]estaurants as designated by Indiana Code 7.1–5–7–1, *et seq.* (concerning minors and alcoholic beverages) as off-limits to persons under 18 years of age." § 95.63(A)(1) (the "Bar Exception"). Guesthouse argues that it is a restaurant designated under Indiana Code § 7.1–5–7–1 *et seq.* and therefore the entire Guesthouse restaurant, or at least its bar room,

where the alleged violation occurred, is exempt from the smoking ordinance.

■ Interpretation of an ordinance is subject to the same rules that govern the construction of a state statute. *Ad Craft, Inc. v. Bd. of Zoning Appeals,* 693 N.E.2d 110, 114 (Ind.Ct.App.1998). Words are to be given their plain, ordinary, and usual meaning, unless a contrary purpose is shown by the statute or ordinance itself. *Cox v. Worker's Comp. Bd.,* 675 N.E.2d 1053, 1057 (Ind.1996). Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute. *MDM Inv. v. City of Carmel,* 740 N.E.2d 929, 934 (Ind.Ct.App.2000) (quoting *JKB, Sr. v. Armour Pharm. Co.,* 660 N.E.2d 602, 605 (Ind.Ct.App.1996)). The "goal in statutory construction is 'to determine and effect legislative intent.'" *Consolidation Coal Co. v. Ind. Dep't of State Revenue,* 583 N.E.2d 1199, 1201 (Ind.1991) (quoting *Spaulding v. Int'l Bakers Serv.,* 550 N.E.2d 307, 309 (Ind.1990)). Courts must give deference to such intent whenever possible. Thus, courts must consider the goals of the statute and the reasons and policy underlying the statute's enactment. *MDM,* 740 N.E.2d at 934; *JKB,* 660 N.E.2d at 605. If the legislative intent is clear from the language of the statute, the language prevails and will be given effect. *State ex rel. Ind. & Mich. Elec. Co. v. Sullivan Cir. Ct.,* 456 N.E.2d 1019, 1020 (Ind.1983). "Where statutes address the same subject, they are *in pari materia,* and we harmonize them if possible." *United States Gypsum, Inc. v. Ind. Gas Co.,* 735 N.E.2d 790, 802 (Ind.2000).

Indiana Code § 7.1–5–7–1 through 15 ("Chapter 7") addresses the exposure of

---

**2.** The third and fourth exceptions to the Ordinance, which are not at issue in this case, concern completely enclosed conference or meeting rooms being used for private functions, and restaurants contained in, owned by and operated as private clubs open to members only. Fort Wayne, Ind., City Code Tit. IX, § 95.63(A)(3); (4).

minors to alcoholic beverages. It includes various sections governing the provision of alcoholic beverages to minors, the use of identification falsely stating a minor's age to purchase alcoholic beverages, and the access by minors to places where such beverages are furnished. Sections 9 and 10 of Chapter 7 define criminal penalties for a minor to be in a public place where alcoholic beverages are furnished, and for a person to cause or permit a minor child to be in such a place. Chapter 7 contains only three references to the word "restaurant." In sub-section 11(a)(16) the provisions declare that sections 9 and 10 shall not apply if the public place involved is "[t]hat part of a hotel or *restaurant* which is separate from a room in which is located a bar over which alcoholic beverages are sold or dispensed by the drink." Ind.Code § 7.1–5–7–11(a)(16)(emphasis added). Section 13 enumerates various exemptions from Section 12 which prohibits the employment of minors in work involving the sale or furnishing of alcoholic beverages. Sub-section 13(a)(3)(B) provides an exemption to a person between 19 and 21 years of age who "serves alcoholic beverages in a dining area or family room of a *restaurant* or hotel ... under the supervision of a person who is at least twenty-one (21) years of age, is present at the *restaurant* or hotel, and has successfully completed a server training program approved by the commission." Ind.Code § 7.1–5–7–13(a)(3)(B)(emphasis added). Chapter 7's references to "restaurant" each describe an establishment which contains both a bar room and a dining area or family room where minors may be permitted.

To the extent that the Bar Exception of § 95.63(A) of the Fort Wayne Smoking Ordinance exempts "restaurants as designated by Indiana Code 7.1–5–7–1, *et seq.* ... as off-limits to persons under 18 years of age," the language of the exception does not exempt separate areas within restaurants. Rather, Chapter 7 refers to the entire establishment as the "restaurant." Thus restaurants that have no separate family or dining room where minors are permitted are exempted from the Smoking Ordinance.[3] It is less clear, however, whether the Bar Exception to the ordinance exempts those restaurants that are only partially off-limits to minors, containing areas where minors are permitted in a family or dining room. Guesthouse argues that because such restaurants are partially "designated ... as off-limits to persons under 18 years of age," they are excluded from the Smoking Ordinance.

Interpreted in this way, however, the bar exemption would permit smoking in bar areas of restaurants with dining or family rooms, but without the requirements for complete and total separation and enclosure specified in the Enclosure Exception. Thus construed, the bar exemption would nullify the prerequisite conditions of enclosure ordinance, and would be contrary to the express purpose of the ordinance to reduce the exposure of children to second-hand smoke. We decline this interpretation.

Guesthouse does not claim that its bar area met the requirements of the Enclosure Exception, and it acknowledges that it is a restaurant and "has parts separate from the room where the bar is located and drinks are served." Br. of Appellant

---

**3.** We note that this construction appears to contradict an express provision in the Enclosure Exception stating: "No restaurant covered by this ordinance shall be designated a smoking area in its entirety." FORT WAYNE, IND., CITY CODE Tit. IX, § 95.63(A)(2) (1998).

Because this issue is not raised by the parties, we do not address the inconsistency between the Enclosure Exception and the contrary express exemption granted under the bar exemption to restaurants that are off-limits to minors.

at 8. We find that the Bar Exception does not apply to exempt the entire Guesthouse restaurant, nor does it exempt the bar room, from the Fort Wayne Smoking Ordinance. We therefore conclude that the trial court did not err in finding that Guesthouse violated the smoking ordinance.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.