# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JOHN L. TOMPKINS**
Brown Tompkins Lory & Mastrian
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JENNI HILL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1311-MI-942 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-1308-MI-8146

**June 20, 2014**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Jenni Hill ("Hill") appeals an order entered upon her petition for judicial review of a determination from the Bureau of Motor Vehicles ("BMV") that she is a habitual traffic violator ("HTV"). We affirm.

**Issue**

Hill presents the sole issue of whether Indiana Code section 9-30-10-4(b) prohibits the BMV from using a conviction that supported an initial HTV determination to also support a second HTV determination.

**Facts and Procedural History**

On January 3, 2005, Hill was convicted of operating a motor vehicle with an alcohol concentration of .08 or above. On February 28, 2008, Hill was convicted of failure to report an accident with excess damage. On March 11, 2008, Hill was convicted of operating a motor vehicle while intoxicated with a prior offense within five years. After these three convictions, Hill was determined to be an HTV.

On March 21, 2008, the BMV sent Hill a notice of suspension. This suspension, effective April 25, 2008, was for a ten-year period. On March 13, 2008, Hill was convicted of operating a motor vehicle while intoxicated with a prior offense within five years. On March 18, 2009, Hill was convicted of operating a motor vehicle while intoxicated with a prior offense within five years. These two post-HTV determination convictions, together with the previous three convictions, were used by the BMV to make a second HTV

2

determination. The BMV notified Hill that a second suspension became effective August 1, 2013, with an expiration date of April 26, 2019.

Hill filed a petition for judicial review challenging the latter suspension. At the hearing, Hill argued that any conviction used in making the first HTV determination could not be used in making the second determination. The trial court denied Hill's petition. This appeal ensued.

**Discussion and Decision**

Standard of Review

In reviewing a decision of an administrative agency, this Court is bound by the same standard of review as the trial court. Ind. Bureau of Motor Vehicles v. McNeil, 931 N.E.2d 897, 900 (Ind. Ct. App. 2010), trans. denied. Judicial review of an administrative decision is limited to whether the agency possessed jurisdiction over the subject matter, whether the decision was made pursuant to the proper procedures, whether the decision was arbitrary and capricious, whether the decision was in violation of any constitutional, statutory, or legal principles, and whether the decision was supported by substantial evidence. Id.

The interpretation of a statute presents a question of law. Nash v. State, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), trans. denied. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. Id. If, however, the language is susceptible to more than one reasonable construction, we must construe the statute in accordance with apparent legislative intent. Id. The best evidence of legislative intent is the language of the statute, giving all words their plain and ordinary meaning unless otherwise

indicated by the statute. Chambliss v. State, 746 N.E.2d 73, 77 (Ind. 2001). We will presume that the legislature intended the language used in the statute to be applied logically and to avoid an unjust or absurd result. Nash, 881 N.E.2d at 1063.

Moreover, an interpretation of a statute by an administrative agency charged with enforcing the statute is entitled to great weight unless the interpretation is inconsistent with the statute itself. LTV Steel Co. v. Griffin, 730 N.E.2d 1251, 1257 (Ind. 2000).

Analysis

Indiana Code section 9-30-10-4(b) provides in relevant part:

> A person who has accumulated at least three (3) judgments within a ten (10) year period for any of the following violations, singularly or in combination, and not arising out of the same incident, is a habitual violator[.]

The qualifying judgments include: (1) operation of a vehicle while intoxicated; (2) operation of a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per one hundred (100) milliliters of the blood or two hundred ten (210) liters of the breath; (3) operating a motor vehicle while the person's license to do so has been suspended or revoked; (4) operating a motor vehicle without ever having obtained a license to do so; (5) reckless driving; (6) criminal recklessness involving the operation of a motor vehicle; (7) drag racing or engaging in a speed contest in violation of law; and (8) any felony under an Indiana motor vehicle statute or any felony in the commission of which a motor vehicle is used. Id.

Hill's qualifying judgments to support her first HTV determination were those of January 3, 2005, February 28, 2008, and March 11, 2008. On March 13, 2008, Hill received

4

another conviction for driving while intoxicated. A year later, she received another conviction for driving while intoxicated. Hill argues that, once she has been determined to be an HTV, she must have a minimum of three new convictions to support a second HTV determination within ten years. She focuses on the phrase "not arising out of the same incident" in contending that the legislature must have intended that a single judgment cannot be used to support successive HTV determinations. The State responds that, so long as the multiple convictions arise out of "distinct and separate sets of conduct," one who has the status of an HTV and incurs an additional conviction properly faces further suspension of driving privileges. Appellee's Brief at 7.

The primary purpose of suspending a person's license for being an HTV is to remove from the highway those drivers who have proven themselves to be unfit to drive, and who pose a substantial threat to the safety of others. Orndorff v. Ind. Bureau of Motor Vehicles, 982 N.E.2d 312, 321 (Ind. Ct. App. 2012), trans. denied. Consistent with this legislative purpose, the crucial inquiry of Indiana Code section 9-30-10-4(b) is whether the person has thrice demonstrated, within a ten-year period, that he or she poses a threat to others' safety.

The plain language of the statutory provision prohibits the BMV from using multiple judgments arising from one incident to serve as multiple predicates for an HTV determination. However, as the State points out, there is no corollary limitation that one judgment cannot be a predicate to successive HTV determinations. "[W]e will not read into the statute that which is not the expressed intent of the legislature" and "it is just as important

5

to recognize what the statute does not say as to recognize what it does say." <u>N.D.F. v. State</u>, 775 N.E.2d 1085, 1088 (Ind. 2002).

Our legislature has declared a policy of identifying dangerous drivers and restricting their privileges, with a ten-year time frame as the point of reference. An individual who, like Hill, has accumulated three qualifying convictions, not arising out of the same incident, within a given ten-year period may be determined to be an HTV.

## Conclusion

The statutory language at issue does not include a limitation upon the use of a qualifying conviction to determine HTV status, other than that predicate convictions must not have arisen from the same incident. The trial court properly denied Hill's petition to revise the determination of the BMV that she is an HTV.

Affirmed.

KIRSCH, J., and MAY, J., concur.