**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 10 2014, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**LAWRENCE McCORMACK**
Kokomo, Indiana

**LIBBY GOODKNIGHT**
Krieg DeVault, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**BRIAN L. OAKS**
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KOKOMO BOARD OF ZONING APPEALS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1312-MI-01081 |
| | ) | |
| MARKLAND PROPERTIES, LLC THRUST INC. d/b/a TEASE BAR BRETT MORROW and DUSTIN OGLE, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable William C. Menges, Jr., Special Judge
Cause No. 34C01-1301-MI-0037

**September 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The Kokomo Board of Zoning Appeals ("the BZA") appeals the Howard Circuit Court's order reversing the BZA's decision that Markland Properties, LLC, Thrust Inc. d/b/a Tease Bar, Brett Morrow and Dustin Ogle (collectively "Tease Bar") increased the floor area of the business beyond the ten percent expansion allowed under Kokomo's Zoning Ordinance, and therefore, Tease Bar could no longer operate its sexually oriented adult entertainment business as a legal-nonconforming use.[1]

We affirm.

**Facts and Procedural History**

Tease Bar (formerly known as the Body Shop) is located at 107 East Markland Avenue in Kokomo, Indiana. Since the early 1990s, the owners of the building have operated a bar on the premises, and the owners added adult entertainment, i.e. exotic dancing, on some date prior to the 2002 passage of an amendment to Kokomo's Zoning Ordinance that limited the location of sexually oriented entertainment businesses within the City of Kokomo. Therefore, the Tease Bar continued its operation as a legal-nonconforming use under Kokomo's zoning ordinance.[2]

Tease Bar is located in a building that had two retail spaces on the ground floor. Tease Bar occupied the larger of the two spaces and, from time to time, various businesses operated out of the second retail space. Originally, there were also apartments

---

[1] We conclude that this issue is dispositive and therefore we do not address whether the trial court's consideration of the constitutionality of the Zoning Ordinance was beyond the scope of the trial court's judicial review because the issue was not raised in the proceedings before the BZA.

[2] Specifically, the Section 6.58(B) of Kokomo's Zoning Ordinance prohibits sexually oriented entertainment businesses from being located within 1000 feet of a school, church, or similar place of worship and within 1000 feet of the right of way of any state or federal highway. Tease Bar is located within 1000 feet of a state highway and two churches. Ex. Vol., Respondent's Ex. B.

on the second floor of the building. Markland Properties purchased the building in 2012 on contract from Ronald and Isabella Johnson ("the Johnsons"). Markland Properties then began to renovate the property. During the renovations, Markland Properties removed the wall that previously separated Tease Bar from the second retail space. Markland Properties desired to enlarge Tease Bar to utilize the entire ground floor of the building. Tease Bar's square footage was allegedly enlarged by approximately 19%.

On November 13, 2012, Tease Bar received a "cease and desist" letter from Greg Sheline, the director of the Kokomo Plan Commission, which states:

> When you applied for your certificate of occupancy, the City of Kokomo Department of Inspections informed the Kokomo Plan Commission that your property had been expanded during a recent renovation. The total square footage of the property increased from approximately 5092 sq. ft. to approximately 6062 sq. ft., which is an expansion over nineteen percent (19%). The zoning ordinance prohibits an expansion or enlargement of an existing structure that is [] a Legal-Nonconforming Use unless the expansion does not exceed ten percent (10%) of the existing floor area. As your expansion increased the floor area of the structure by more than the ten percent (10%) threshold, your property is no longer considered a Legal-Nonconforming use as a Sexually Oriented Entertainment Business. Therefore you may not operate a Sexually Oriented Entertainment Business on the property.

Appellant's App. p. 113.

Section 8.5 of the Kokomo Zoning Ordinance provides in relevant part:

> Any continuous, lawful use of structures, land, or structures and land in combination established prior to the effective date of this Zoning Ordinance or it subsequent amendments that is no longer a permitted use in the district where it is located shall be deemed a Legal-Nonconforming Use. A Legal-Nonconforming use may continue provided that it remains otherwise lawful, subject to the following conditions:

3

A. No existing structure devoted to a Legal-Nonconforming use shall be enlarged, expanded, increased, extended, constructed, reconstructed, moved, or structurally altered unless it:
    a. Complies with section 8.5D for limited and small expansions, . . .
***
C. Any Legal-Nonconforming use of a structure may be extended throughout any parts of a building which were plainly arranged or designed for such use at the effective date of this Zoning Ordinance or its subsequent amendments, but no such use shall be extended to occupy any land outside the building.

D. In the case of a Legal-Nonconforming use of structure, the structure may be expanded two times only. Each of the two expansions may not exceed 10% of the existing floor area. The expansion shall conform to all applicable development standards except for landscaping, unless a variance of developmental standards is received from the Board of Zoning Appeals. . . .

Appellant's App. p. 90. The Zoning Ordinance defines the term "structure" as: "[a]nything constructed or erected which requires location on the ground or attachment to something having a location on the ground, including but not limited to buildings, sheds, detached garages, mobile homes, manufactured homes, above-ground storage tanks, freestanding signs and other similar items." Id. at 92.

Tease Bar appealed Plan Commissioner Sheline's cease and desist order to the BZA. After a hearing was held on December 13, 2012, the BZA upheld Sheline's decision that Tease Bar lost its legal-nonconforming use status because it expanded the square footage of its business beyond the 10% maximum allowed in the Kokomo Zoning Ordinance. Specifically, the BZA determined that:

The expansion of the East Section[3] into the West Section enlarged the former legal-nonconforming use from approximately 5,092 square feet to approximately 6,062 square feet. This reconstruction resulted in a one-time

---

[3] The East Section refers to the Tease Bar's original location in the building and the West Section refers to the other ground floor retail space, which was occupied by various businesses through the years.

4

expansion of at least nineteen percent (19%). As the Kokomo Zoning Ordinance only permits an expansion of ten percent (10%) at one time, the petitioner exceeded the limits on the previous legal-nonconforming use enjoyed by the previous sexually oriented entertainment business. The expansion extinguished the prior legal-nonconforming status, therefore making the current sexually oriented entertainment establishment located at 107 E. Markland Ave. a nonconforming use and subject to all the penalties provided in the Kokomo Zoning Ordinance.

Ex. Vol., Respondent's Ex. B. Thereafter, Tease Bar filed a Verified Petition for Judicial Review of the BZA's ruling.

A hearing was held on Tease Bar's petition on July 23, 2013. The trial court issued its findings of fact and conclusions thereon on December 3, 2013, in which the court granted Tease Bar's petition for Judicial Review after concluding that Tease Bar did not lose its status as a legal-nonconforming use. Specifically, the court found:

> The BZA relied upon the contention that the Petitioners expanded the structure in excess of the ten percent (10%) allowance, to support their determination that the Petitioners thus lost their previous legal non-conforming use. It is clear, within the plain reading of Ordinances 6279 and 6613, that there was no evidence introduced to support the contention that the **structure** was enlarged, expanded, increased, or extended. While there was evidence that the legal non-conforming use was extended through the existing structure, there was no evidence, nor did the Director contend or notify the Petitioners that he considered the expansion was through part of the building not plainly arranged or designed for such use. Thus, it would appear, that the expansion of the square footage devoted to use by the bar, was explicitly permitted under the terms of the existing ordinance. Therefore, the BZA's determination that the increased use of the existing structure was not supported by sufficient evidence, and was thus, arbitrary, capricious and not supported by law The determination should be reversed.

> Even if a tortured reading of the ordinances would support the BZA's findings, there are still serious problems with their final determination. The Court is not considering the constitutionality of the restrictions placed [on] sexually oriented entertainment businesses within the City of Kokomo; it is assuming that the ordinance is proper, valid and necessary. The constitutional protections still exist when applied to the

5

termination of the Petitioners' legal non-conforming use.  It is assumed, for the purposes of this discussion that sexually oriented entertainment businesses create or cause areas to deteriorate and become a focus of undesirable activities, including, prostitution, sexual assault, and associated crimes.  And, it is further assumed that allowing existing businesses to expand, in the aggregate, in excess of twenty percent (20%), creates the same legitimate concern to be regulated by government.  Careful examination must still be made, however, of the importance of the governmental interests advanced and the extent to which they are served by the challenged regulation.  There is no question of the importance of the governmental interests advanced under these assumptions.  But, regardless of those interests, and their importance, the Court can see no way they are advanced by allowing existing businesses two expansions not to exceed ten percent (10%) each, without temporal (or any other) limitation to the expansions, other than their gross aggregate amount.  By enacting an ordinance that allows an expansion of a total of twenty percent (20%) of the existing use, the City was implicitly finding that such an expansion would not advance the governmental interests.  Under the terms of the ordinance, as argued by the BZA, the Petitioners would have been permitted to expand their non-conforming use by ten percent (10%) one day, and by another ten percent (10%) the next.  How allowing this, but prohibiting a single expansion of twenty percent (20%) would serve to advance any governmental interest is incomprehensible.  Therefore, even if the BZA's determination was supported by any credible evidence, it is still contrary to law, and must be reversed.

Appellant's App. pp. 16-17 (emphasis in original).  The BZA now appeals the trial court's determination that under Kokomo's Zoning Ordinance, Tease Bar may continue to operate its sexually oriented entertainment business as a legal-nonconforming use.

**Standard of Review**

The trial court issued findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A).  Our standard of review is well-settled:

First, we must determine whether the evidence supports the trial court's findings of fact. Second, we must determine whether those findings of fact support the trial court's conclusions of law. We will set aside the findings only if they are clearly erroneous. Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference.

6

> A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts.
>
> In applying this standard, we neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we consider the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. To make a determination that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made.

Hartley v. Hartley, 862 N.E.2d 274, 281 (Ind. Ct. App. 2007) (quoting Gregg v. Cooper, 812 N.E.2d 210, 214-15 (Ind. Ct. App. 2004), trans. denied).

We also observe that the trial court reversed the BZA's decision after concluding that it was not supported by sufficient evidence, and was therefore, arbitrary, capricious and not supported by law. When we review a decision of a zoning board, both the trial court and this Court are bound by the same standard. Midwest Minerals, Inc. v. Board of Zoning Appeals, 880 N.E.2d 1264, 1268 (Ind. Ct. App. 2008), trans. denied. We presume the determination of the board, an administrative agency with expertise in zoning matters, is correct. Id. We will reverse only if the board's decision is arbitrary, capricious, or an abuse of discretion. Id.

**Discussion and Decision**

The BZA concedes that, prior to the expansion, Tease Bar's use of the property to provide adult entertainment was a legal-nonconforming use under Kokomo's Zoning Ordinance. Zoning ordinances are tools used to restrict the use of real property. See Benjamin Crossing Homeowners' Ass'n, Inc. v. Heide, 961 N.E.2d 35, 40-41 (Ind. Ct. App. 2012). However,

7

a zoning ordinance is subject to vested rights in the property of persons acquired prior to the enactment of a zoning restriction. Such ordinances ordinarily may not be applied retroactively so as to disturb existing uses of the property. Moreover, the use of land or buildings may be protected from existing zoning restrictions if the use is one which existed and was lawful when the restrictions became effective and which continued to exist since that time.

Rollett Family Farms, LLC v. Area Plan Com'n of Evansville-Vanderburgh County, 994 N.E.2d 734, 740 (Ind. Ct. App. 2013) (quoting Town of Avon v. Harvile, 718 N.E.2d 1194, 1198-99 (Ind. Ct. App. 1999), trans. denied).

Moreover, we observe that the interpretation of a zoning ordinance is a question of law that is reviewed de novo. Story Bed & Breakfast LLP v. Brown Cnty. Area Plan Comm'n, 819 N.E.2d 55, 65 (Ind. 2004). The ordinary rules of statutory construction apply in interpreting the language of a zoning ordinance. Id. Words are to be given their plain, ordinary, and usual meaning, unless a contrary purpose is shown by the statute or ordinance itself. Hall Drive Ins. Inc. v. City of Fort Wayne, 773 N.E.2d 255, 257 (Ind. 2002). Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the ordinance. Id. Furthermore, zoning regulations that inhibit the use of real property are in derogation of the common law and are strictly construed. Flying J., Inc. v. City of New Haven Bd. of Zoning Appeals, 855 N.E.2d 1035, 1039 (Ind. Ct. App. 2006), trans. denied. The courts construe a zoning ordinance to favor the free use of land and will not extend restrictions by implication. Id.

The dispute in this case centers around Section 8.5 of the Kokomo Zoning Ordinance, which states that "[n]o existing structure devoted to a Legal-Nonconforming

8

use shall be enlarged, expanded, increased, extended, constructed, reconstructed, moved or structurally altered unless it . . . [c]omplies with section 8.5(D) for limited and small expansions[.]" Appellant's App. p. 90. Section 8.5(D) provides:

> In the case of a Legal-Nonconforming use of structure, the structure may be expanded two times only. Each of the two expansions may not exceed 10% of the existing floor area. The expansion shall conform to all applicable development standards except for landscaping, unless a variance of developmental standards is received from the Board of Zoning Appeals. If the structure is a commercial or industrial use in a residential district, the Planning Director shall assign appropriate parking, landscaping and other common development standards for such uses.

Id.

The Kokomo Zoning Ordinance defines the term "structure" as: "[a]nything constructed or erected which requires location on the ground or attachment to something having a location on the ground, including but not limited to buildings, sheds, detached garages, mobile homes, manufactured homes, above-ground storage tanks, freestanding signs and other similar items." Appellant's App. p. 92. The Zoning Ordinance also defines the term "floor area" to include "[t]he sum of all horizontal surface areas of all floors of all roofed portions of a building enclosed by and within the surrounding exterior walls or roofs, or to the center line(s) of party walls separating such buildings or portions thereof. Floor area of a building shall exclude exterior open balconies and open porches." Id. at 91.

The trial court concluded that there was no evidence to support the BZA's determination that Tease Bar's structure was "enlarged, expanded, increased, or extended." Id. at 16. We agree.

9

Strictly construing the plain language of Section 8.5(D) and the Ordinance's definitions of the terms "structure" and "floor area" leads us to conclude that Kokomo's Zoning Ordinance limits expansion of the existing building, not separate, walled spaces within the same building. Section 8.5(D) limits expansion of a structure to 10% of the existing "floor area", which the Ordinance defines as the "sum of all horizontal surface areas of all floors" within the exterior walls of a building. By its own terms, Section 8.5(D) does not limit expansion of square footage of the non-conforming use within the existing structure, it limits expansion of the "structure," a specifically defined term in the Ordinance.

The BZA attempts to circumvent the plain language of Section 8.5(D) and its accompanying definitions by arguing that when Section 8.5(D) is read in conjunction with 8.5(C), it is clear that the City of Kokomo intended that a legal-nonconforming use located in one section of a building cannot be expanded more than 10% within that building. See Appellant's Br. at 19. Section 8.5(C) states:

> Any Legal-Nonconforming use of a structure may be extended throughout any parts of a building which were plainly arranged or designed for such use at the effective date of this Zoning Ordinance or its subsequent amendments, but no such use shall be extended to occupy any land outside the building.

Appellant's App. p. 90.

When Section 8.5(C) is considered within the context of the Zoning Ordinance, we conclude that the City desired to make certain that the 10% expansion allowed for legal-nonconforming uses in Section 8.5(D) is confined to the interior of an existing building.

Neither party asserts that Tease Bar expanded its operation to any land outside of the building.

There is no question that by removing an interior wall, Tease Bar's square footage increased and it now occupies the entire ground floor of the building. But the increase in square footage of the non-conforming use did not expand the existing "structure" or "floor area" as those terms are defined in the Ordinance. For all of these reasons, we agree with the trial court that there was "no evidence introduced to support the contention that the ***structure*** was enlarged, expanded, increased, or extended." See Appellant's App. p. 16 (emphasis in original). For this reason the BZA's decision was arbitrary and an abuse of discretion. We therefore affirm the trial court in all respects.

Affirmed.

RILEY, J., and CRONE, J., concur.