

**FILED**
Oct 24 2014, 10:00 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ROBERT D. LONCAR**
Loncar Law, Ltd.
Chicago, Illinois

ATTORNEYS FOR APPELLEE:

**PATRICK A. SCHUSTER**
Patrick A. Schuster & Associates
Crown Point, Indiana

**DAVID E. BRAATZ**
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| 219 KENWOOD HOLDINGS, LLC, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1401-MI-49 |
| | ) | |
| PROPERTIES 2006, LLC, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George C. Paras, Judge
The Honorable Robert G. Vann, Magistrate
Cause No. 45C01-1207-MI-118

**October 24, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

219 Kenwood Holdings, LLC, (Kenwood) appeals the judgment of the trial court finding that Properties 2006, LLC, (Properties 2006) substantially complied with the requirements of Indiana Code section 6-1.1-25-4.5(e). Subsection (e) requires that the purchaser of property sold at a tax sale notify the owner of record of, among other things, the purchaser's intent to petition for a tax deed on or after a specified date. Finding that the trial court did not err in its determination that Properties 2006 substantially complied with the requirements of this statute, we affirm.

FACTS

Kenwood was the owner of record of property located at 219 Kenwood Avenue in Hammond (the Property) on April 25, 2013. On that date, the Property was sold in a tax sale to Unexpected Holdings, LLC, as a result of Kenwood's delinquency in its payment of taxes. Unexpected Holdings, LLC, received a certificate of sale and assigned its rights under this certificate to Properties 2006.

On June 21, 2013, Properties 2006 sent Kenwood notice of its purchase and its intent to petition for a tax deed as required by Indiana Code section 6-1.1-25-4.5. The notice contained the statement: "A petition for a tax deed will be filed on or after August 24, 2013." Appellee's Br. p. 1. Kenwood contacted several potential lenders in an attempt to secure a loan to redeem the Property but was eventually unsuccessful. On August 30, 2013, Properties 2006 notified Kenwood that it had petitioned for a tax deed as required by Indiana Code section 6-1.1-25-4.6.

2

On September 25, 2013, Kenwood filed a Verified Objection to Petition for Tax Deed in the trial court, arguing that the first notice sent by Properties 2006 did not meet the requirements of Indiana Code section 6-1.1-25-4.5(e).  The trial court held a bench trial on December 9, 2013, and found that Properties 2006 had substantially complied with the statute.  Kenwood now appeals.

DISCUSSION AND DECISION

In determining whether the trial court was correct in finding that Properties 2006 substantially complied with Indiana Code section 6-1.1-25-4.5(e), we are required to interpret the language of the statute.  The interpretation of a statute is a question of law and we review the trial court's conclusion under a de novo standard.  In re 2002 Lake Cnty. Tax Sale, 818 N.E.2d 505, 507 (Ind. Ct. App. 2004).

Our Supreme Court has noted that "[t]he first and often the only step in resolving an issue of statutory interpretation is the language of the statute."  Shell Oil Co. v. Meyer, 705 N.E.2d 962, 972 (Ind. 1998).  "The goal of statutory construction is to determine, give effect to, and implement the intent of the legislature."  N.D.F. v. State, 775 N.E.2d 1085, 1088 (Ind. 2002).  The language of the statute is the best evidence of legislative intent, and all words must be given their plain and ordinary meaning.  Erkins v. State, 13 N.E.3d 400, 407 (Ind. 2014).  Consequently, "[i]f the language of the statute is clear and unambiguous, it is not subject to judicial interpretation."  Hill v. State, 15 N.E.3d 589, 591 (Ind. Ct. App. 2014).

3

Our Supreme Court has explained the statutory framework for a tax sale as follows:

> A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. A [] redemption period ensues. If the owners fail to redeem the property during that [period], a purchaser who has complied with the statutory requirements is entitled to a tax deed. The property owner . . . must [] be given two notices.
>
> The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed petition will be filed. The second notice announces that the purchaser has petitioned for a tax deed.

Tax Certificate Invs., Inc. v. Smethers, 714 N.E.2d 131, 133 (Ind. 1999) (citations omitted).

Here, Kenwood does not take issue with the second notice. Instead, Kenwood argues that the first notice did not meet the statutory requirements outlined in Indiana Code section 6-1.1-25-4.5(e), which provides in relevant part:

> The notice that this section requires shall contain at least the following:
>
> > (1) A statement that a petition for a tax deed will be filed on or after a specified date.
> > (2) The date on or after which the petitioner intends to petition for a tax deed to be issued. . . .

The statute goes on to list a total of fifteen elements that must be included in the notice sent by the purchaser to the property owner.

The notice sent by Properties 2006 to Kenwood included the following statement: "A petition for a tax deed will be filed on or after August 24, 2013." Appellant's Br. p. 5.

4

Kenwood argues that, while this statement complies with subdivision (1), it fails to comply with subdivision (2). Appellant's Br. p. 7.

In this case, the language of the statute is clear and unambiguous. Subdivision (2) provides that the petitioner must notify the owner of record of "[t]he date on or after which the petitioner intends to petition for a tax deed to be issued." I.C. § 6-1.1-25-4.5(e)(2). Kenwood argues that Properties 2006's statement—"A petition for a tax deed will be filed on or after August 24, 2013."—does not satisfy subdivision (2) because it is "devoid of any statement as to the date on or after which the petitioner intends for a tax deed to be issued[.]" Appellant's Br. p. 7. Kenwood's interpretation seems to require a petitioner to predict the date on which the court would actually issue a tax deed and inform the owner of that date.

However, Kenwood's interpretation is only possible if the words "to petition" are omitted from the statute. Through this omission, Kenwood turns

> "[t]he date on or after which the petitioner intends <u>to petition</u> for a tax deed
> to be issued,"

I.C. § 6-1.1-25-4.5(e)(2) (emphasis added), into

> "the date on or after which the petitioner intends [ . . . ] for a tax deed to be
> issued[.]"

Appellant's Br. p. 7.

When the statute is read in its original form, it is clear that subdivision (2) does not require the petitioner to predict when the court will actually issue the tax deed. Instead, the statute requires the petitioner to inform the owner of record of "[t]he date on or after

5

which the petitioner intends <u>to petition</u> for a tax deed to be issued." I.C. § 6-1.1-25-4.5(e)(2) (emphasis added). It is the date of petitioning that the statute is concerned with, not the date of issuance.[1] Properties 2006's statement informed Kenwood of the date on which it planned to petition for a tax deed. The statement makes clear that Properties 2006 intended to file this petition on August 24, 2013. Therefore, Properties 2006 fully complied with subsection (e).

Kenwood also appears to argue that the requirements of subdivisions (1) and (2) cannot be satisfied by one statement alone. Under this rationale, Properties 2006's statement—"A petition for a tax deed will be filed on or after August 24, 2013."—is insufficient to satisfy both subdivisions as is, but becomes sufficient if broken into—"A petition for a tax deed will be filed. This petition will be filed on August 24, 2013."

We find Kenwood's interpretation untenable. Subsection (e) does not impose a requirement that each element be contained within a separate statement or sentence, and we will not read such a requirement into it. <u>Ind. Dept. of State Revenue v. Horizon Bancorp</u>, 644 N.E.2d 870, 872 (Ind. 1994) ("[n]othing may be read into a statute which is not within the manifest intention of the legislature as gathered from the statute itself"). The subsection simply requires that the notice "shall contain at least the following . . . ," and then goes on to list fifteen elements. I.C. § 6-1.1-25-4.5(e). While the second

---

[1] In this case, Properties 2006 petitioned for a tax deed on August 24, 2013—which it had informed Kenwood that it would do. Kenwood then objected, and it was not until December 16, 2013, that the trial court issued its findings of fact and conclusions of law, ordering the tax deed to be issued to Properties 2006. Kenwood believes that the statute required Properties 2006 to have predicted that the tax deed would be issued on December 16, 2013—an impossible task.

6

requirement is arguably redundant, we believe the legislature intended to emphasize the importance of including the specific date on which the purchaser intends to petition. Properties 2006's notice made clear that August 24, 2013, was that date.

We also note that the purpose of the statute was achieved in this case. Kenwood was given notice that Properties 2006 intended to petition for a tax deed and that Kenwood had a right of redemption. Kenwood then attempted to secure a loan from several financial institutions but was ultimately unsuccessful. The notice given provided Kenwood with an opportunity to obtain a loan in order to redeem its property. Kenwood's failure to redeem the Property was not the result of any discrepancy in the notice, but rather, the result of its failure to obtain a loan. Under these circumstances, we find no error.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.