**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**IAN W. THOMPSON**
Mooresville, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LANDON Q. JONES, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | )  No.  49A02-1403-MI-204 |
| | ) |
| TERRY CURRY, as the Marion County | ) |
| Prosecutor and RONALD STIVER, as the | ) |
| Commissioner of the Indiana Bureau of | ) |
| Motor Vehicles, | ) |
| | ) |
| Appellees-Respondents. | ) |

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Louis F. Rosenberg, Judge
Cause No. 49C01-1207-MI-28631

**November 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Landon Q. Jones ("Jones") appeals an order entered upon his petition for judicial review of a determination from the Bureau of Motor Vehicles ("BMV") that he is a habitual traffic violator ("HTV"). We affirm.

**Issue**

Jones presents the sole issue of whether Indiana Code section 9-30-10-4(c) prohibits the BMV from using a conviction that supported an initial HTV determination to also support a second HTV determination.

**Facts and Procedural History**

On March 28, 2007, Jones was determined to be an HTV, having committed ten qualifying offenses.[1] His driver's license was suspended from May 3, 2007 to May 3, 2012.

On June 19, 2012, the BMV sent Jones a notice of suspension, alleging that his accumulation of ten offenses within a ten-year period (consisting of some new offenses and those supporting the prior suspension) qualified him as an HTV. Jones requested an administrative review and an Administrative Law Judge recommended that a five-year suspension be imposed. This suspension became effective on July 23, 2012.

Jones filed a petition for judicial review challenging the latter suspension. At the hearing, Jones argued that any conviction used in making the first HTV determination could not be used in making the second determination. The trial court denied Jones's petition. This appeal ensued.

---

[1] Although Jones had committed the requisite number of offenses, only nine were specifically referenced in the BMV determination. Jones did not appeal this first HTV determination.

**Discussion and Decision**

Standard of Review

In reviewing a decision of an administrative agency, this Court is bound by the same standard of review as the trial court. Ind. Bureau of Motor Vehicles v. McNeil, 931 N.E.2d 897, 900 (Ind. Ct. App. 2010), trans. denied. Judicial review of an administrative decision is limited to whether the agency possessed jurisdiction over the subject matter, whether the decision was made pursuant to the proper procedures, whether the decision was arbitrary and capricious, whether the decision was in violation of any constitutional, statutory, or legal principles, and whether the decision was supported by substantial evidence. Id.

The interpretation of a statute presents a question of law. Nash v. State, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), trans. denied. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. Id. If, however, the language is susceptible to more than one reasonable construction, we must construe the statute in accordance with apparent legislative intent. Id. The best evidence of legislative intent is the language of the statute, giving all words their plain and ordinary meaning unless otherwise indicated by the statute. Chambliss v. State, 746 N.E.2d 73, 77 (Ind. 2001). We will presume that the legislature intended the language used in the statute to be applied logically and to avoid an unjust or absurd result. Nash, 881 N.E.2d at 1063.

Moreover, an interpretation of a statute by an administrative agency charged with enforcing the statute is entitled to great weight unless the interpretation is inconsistent with the statute itself. LTV Steel Co. v. Griffin, 730 N.E.2d 1251, 1257 (Ind. 2000).

<u>Analysis</u>

Indiana Code section 9-30-10-4(c) provides:

> A person who has accumulated at least ten (10) judgments within a ten (10) year period for any traffic violation, except a parking or an equipment violation, of the type required to be reported to the bureau, singularly or in combination, and <u>not arising out of the same incident</u> is a habitual violator. However, at least one (1) of the judgments must be for a violation enumerated in subsection (a) or (b). A judgment for a violation enumerated in subsection (a) or (b) shall be added to the judgments described in this subsection for the purposes of this subsection.

(emphasis added.)

Jones does not have a judgment under subsection (a). Subsection (b) is implicated; it provides in relevant part:

> A person who has accumulated at least three (3) judgments within a ten (10) year period for any of the following violations, singularly or in combination, and <u>not arising out of the same incident</u> is a habitual violator[.]

(emphasis added.) The qualifying judgments include two offenses relevant here: operation of a vehicle while intoxicated and operating a motor vehicle while the person's license to do so has been suspended or revoked. <u>Id.</u>

Jones's qualifying judgments to support his 2007 HTV determination included an unsafe start, driving while suspended, operating while intoxicated, driving while suspended, and several speeding violations. On May 10, 2007, he was convicted of driving while suspended, with a prior offense within ten years. On July 16, 2008, he was convicted for failure to use a proper signal and, on May 24, 2010, he was convicted of operating a vehicle while an HTV. The 2012 HTV determination rested upon the post-suspension offenses and offenses considered in making the 2007 HTV determination.

4

Jones argues that, once he has been determined to be an HTV under subsection (c), he must have a minimum of ten new convictions to support a second HTV determination within ten years. He focuses on the phrase "not arising out of the same incident" in contending that the legislature must have intended that a single judgment cannot be used to support successive HTV determinations. According to Jones, a proper interpretation of the statutory provisions at issue would lead to the conclusion that he needed a total of twenty judgments, including an offense enumerated in subsection (a) or (b), to support two HTV determinations under subsection (c).

Very recently, a panel of this Court considered a nearly identical contention with respect to Indiana Code section 9-30-10-4(b). In Hill v. State, 15 N.E.3d 589 (Ind. Ct. App. 2014), the appellant argued that the statutory language, "not arising out of the same incident," prohibited the BMV from using a conviction that supported her initial HTV determination to also support a second HTV determination. The State responded that, so long as the multiple convictions arise out of "distinct and separate sets of conduct," one who has the status of an HTV and incurs an additional conviction properly faces further suspension of driving privileges. Id. at 591.

The Hill Court agreed with the State that the statutory language at issue does not include a limitation upon the use of a qualifying conviction to determine HTV status, other than that predicate convictions must not have arisen from the same incident. Id. at 592. The Court reasoned as follows:

> The primary purpose of suspending a person's license for being an HTV is to remove from the highway those drivers who have proven themselves to be

5

unfit to drive, and who pose a substantial threat to the safety of others. Orndorff v. Ind. Bureau of Motor Vehicles, 982 N.E.2d 312, 321 (Ind. Ct. App. 2012), trans. denied. Consistent with this legislative purpose, the crucial inquiry of Indiana Code section 9-30-10-4(b) is whether the person has thrice demonstrated, within a ten-year period, that he or she poses a threat to others' safety.

The plain language of the statutory provision prohibits the BMV from using multiple judgments arising from one incident to serve as multiple predicates for an HTV determination. However, as the State points out, there is no corollary limitation that one judgment cannot be a predicate to successive HTV determinations. "[W]e will not read into the statute that which is not the expressed intent of the legislature" and "it is just as important to recognize what the statute does not say as to recognize what it does say." N.D.F. v. State, 775 N.E.2d 1085, 1088 (Ind. 2002).

Our legislature has declared a policy of identifying dangerous drivers and restricting their privileges, with a ten-year time frame as the point of reference. An individual who, like Hill, has accumulated three qualifying convictions, not arising out of the same incident, within a given ten-year period may be determined to be an HTV.

Id. at 591-92.

Here, similar to Hill, the crucial inquiry of subsection (c) is whether the person has on ten occasions demonstrated, within a ten-year period, that he or she poses a threat to others' safety. Subsection (c) does not include a limitation upon the use of a qualifying conviction to determine HTV status, other than that predicate convictions must not have arisen from the same incident.

**Conclusion**

The trial court properly denied Jones's petition to revise the determination of the BMV that he is an HTV.

Affirmed.

6

NAJAM, J., and PYLE, J., concur.