FILED

Dec 14 2020, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Katelyn M. Campbell
Indianapolis, Indiana

APPELLEE PRO SE

Everett Powell
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Metropolitan Development Commission,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Everett Powell,<br>*Appellee-Defendant.* | December 14, 2020<br><br>Court of Appeals Case No.<br>20A-OV-871<br><br>Appeal from the Marion Superior Civil Court<br><br>The Honorable John Chavis, II, Judge<br><br>Trial Court Cause No.<br>49D05-1809-OV-36984 |

**Tavitas, Judge.**

## Case Summary

[1]     The Metropolitan Development Commission of Marion County, Indiana ("Commission") appeals the trial court's denial of its motion for a permanent injunction against Everett Powell. We reverse and remand.

# Issue

The Commission raises two issues, which we consolidate and restate as whether the trial court erred by ruling that the Commission was not entitled to relief on the basis of the trial court's interpretation of Section 740-1003(B) of the Consolidated City of Indianapolis/Marion County Code ("Revised Code").

# Facts

On July 25, 2018, Jeff Vaughn, then a zoning and licensing inspector for the Department of Business and Neighborhood Services, responded to a complaint of zoning violations at a residence in Lawrence, Indiana. Lawrence is located in Marion County. Upon arrival at the residence, owned by Powell, Vaughn observed the active construction of a deck and an above-ground pool. Vaughn took photographs of the construction from the public street where he parked upon arrival. As a result of his training, Vaughn was aware that, in the absence of an Improvement Location permit, the erection of a pool in excess of 200 square feet or a deck in excess of eighteen inches in height is in violation of the Revised Code. Vaughn also noted that the edifices appeared to be partially constructed in the "setback" area of the property—an additional Revised Code violation. Vaughn ran a check and determined that there was no active Improvement Location permit for Powell's residence.

Vaughn walked onto the property and confirmed the violations before speaking with Powell. Vaughn informed Powell that the deck and pool were in violation of the Revised Code and that Powell had to cease work immediately. Powell

asked to speak with Vaughn's supervisor, and Vaughn provided his supervisor's telephone number to Powell. Powell then asked Vaughn to leave, and Vaughn immediately complied. Vaughn prepared the paperwork for a notice of violation and "stop-work" order. Because Powell had asked Vaughn to leave the premises, however, the stop work order and notice were mailed to Powell, rather than placed on the physical property. Powell claims to have never received the stop work order.

[5] A follow-up inspection on August 9, 2018, revealed that Powell had continued construction despite being ordered to cease work. Vaughn observed that the pool had been removed, that the deck was being dismantled, but also that the materials from the edifices were still present and which constituted a violation for storing junk and debris. Vaughn issued citations for three Revised Code violations: (1) failure to obtain an Improvement Location permit for a deck exceeding eighteen inches in height; (2) outdoor storage of trash, junk, or debris; and (3) erection of a detached accessory structure within the required rear yard setback.

[6] On September 18, 2018, the Commission filed suit against Powell, alleging the foregoing violations and seeking to enjoin Powell from continuing to violate the Revised Code. A bench trial was held on November 13, 2019. Vaughn testified at the trial, and the Commission submitted a series of photographs depicting Powell's violations, which the trial court admitted into evidence. Vaughn testified that many of the photographs were taken from the public right of way, rather than from Powell's property.

On January 27, 2020, the trial court issued an order containing findings of fact and conclusions thereon in favor of Powell. The order stated, in relevant part:

> 39. However, Vaughn obtained evidence that supported the violation by entering Mr. Powell's property without first obtaining his permission or an administrative search warrant. Chapter 740 of the Revised code provides in pertinent part that:
>
> > …[I]n no event shall the Administrator, Inspectors or Law Enforcement Officers have the right to enter a residential structure or other structures not open to the public without the permission of the owner or occupant or an administrative search warrant first obtained. Prior to entering such residential structure or other structure not open to the public, the Administrator, Inspectors or Law Enforcement Officers shall advise the owner or occupant that such owner or occupant is not required to grant entry without the presentation of an administrative search warrant.
>
> 40. Not only did Vaughn not request Powell's prior permission to gain entry to his property or present him with an administrative search warrant, he also failed to advise Powell that [sic] is not required to grant entry without an administrative search warrant.
>
> 41. The chain of events on July 25, 2018 and August 9, 2018 start with Vaughn's unlawful entry onto Mr. Powell's property to conduct inspections and take photographs for the purposes of citing Mr. Powell for violations of the Revised Code and to issue a Stop Work Order. Because of this unlawful entry, the Court will not consider the photographs and other evidence obtained for purposes of issuing the citations and Stop Work Order.

42. The public interest is not served by the issuance of an injunction to enjoin Powell from violating § 740-1005(A)(2), § 740-1005(A)(3) and § 740-1005(A)(8) of the Revised Code when the information that forms the basis of the violations was obtained as a result of an unlawful entry onto Powell's property.

Appellant's App. Vol. II pp. 11-12.

[8] On February 25, 2020, the Commission filed a motion to correct error, which the trial court denied on March 17, 2020. This appeal followed.

## Analysis

[9] The Commission contends the trial court erred by ruling that the Commission was not entitled to relief on its complaint against Powell. The trial court entered sua sponte findings of fact and conclusions thereon. "Where a trial court enters findings sua sponte, the appellate court reviews issues covered by the findings with a two-tiered standard of review that asks whether the evidence supports the findings, and whether the findings support the judgment." *Steele-Giri v. Steele*, 51 N.E.3d 119, 123 (Ind. 2016). "A finding is clearly erroneous when there are no facts or inferences drawn therefrom which support it." *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013). We neither reweigh the evidence nor judge the credibility of the witnesses. *Id*. We consider only the evidence and reasonable inferences drawn therefrom that support the findings. *Id*. We review the trial court's legal conclusions de novo. *Id*.

[10] The Commission argues that the trial court misinterpreted the Revised Code. "Matters of statutory interpretation are reviewed de novo." *City of New Albany*

*v. Bd. of Commissioners of Cty. of Floyd*, 141 N.E.3d 1220, 1223 (Ind. 2020) (citing *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019)). "This Court 'presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals.'" *Id*. (quoting *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010)). Statutory interpretation is a function for the courts, and our goal in statutory interpretation is to determine, give effect to, and implement the intent of the legislature as expressed in the plain language of its statutes. *Indiana Ins. Guar. Ass'n v. Smith*, 82 N.E.3d 383, 386 (Ind. Ct. App. 2017) (citing *Clark Cnty. Drainage Bd. v. Isgrigg*, 966 N.E.2d 678, 680 (Ind. Ct. App. 2012)).

[11] "The language of the statute is the best evidence of legislative intent, and all words must be given their plain and ordinary meaning." *219 Kenwood Holdings, LLC v. Properties 2006, LLC*, 19 N.E.3d 342, 343 (Ind. Ct. App. 2014) (citing *Erkins v. State*, 13 N.E.3d 400, 407 (Ind. 2014)). "Consequently, '[i]f the language of the statute is clear and unambiguous, it is not subject to judicial interpretation.'" *Id*. (quoting *Hill v. State*, 15 N.E.3d 589, 591 (Ind. Ct. App. 2014)).

[12] When reviewing an ordinance, this Court has held:

> Interpretation of an ordinance is subject to the same rules that govern the construction of a state statute. Words are to be given their plain, ordinary, and usual meaning, unless a contrary purpose is shown by the statute or ordinance itself. Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest

of the statute. The goal in statutory construction is to determine and effect legislative intent. Courts must give deference to such intent whenever possible. Thus, courts must consider the goals of the statute and the reasons and policy underlying the statute's enactment. If the legislative intent is clear from the language of the statute, the language prevails and will be given effect.

*Rollett Family Farms, LLC v. Area Plan Comm'n of Evansville-Vanderburgh Cty.*, 994 N.E.2d 734, 738 (Ind. Ct. App. 2013) (quoting *Hall Drive Ins., Inc. v. City of Fort Wayne*, 773 N.E.2d 255, 257 (Ind. 2002)).

[13] Specifically, the Commission argues that the trial court misinterpreted Section 740-1003(B) of the Revised Code, the full text of which is:

> In order to execute inspections, the Administrator, Inspectors and Law enforcement officers shall have the right to enter upon any premises at any reasonable time for the purpose of carrying out their duties in the enforcement of Codes and land use regulations of Marion County, Indiana, unless the owner or occupant of the premises refuses to permit entry to the Administrator, Inspectors or Law Enforcement Officers when such entry is sought pursuant to this section. In the event of such refusal, the Administrator may make application to any judge of the municipal, circuit or superior courts of Marion County, Indiana, for the issuance of an administrative search warrant. Such application shall identify the premises upon which entry is sought and the purpose for which entry is desired. The application shall state the facts giving rise to the belief that a condition which is a violation of a Code or land use regulation of Marion County, Indiana, exists on such premises, or that a violation in fact exists and must be abated, and that the condition or violation is not a lawful nonconforming use to the best of the affiant's belief. Any warrant issued pursuant to such application shall order such owner or occupant to permit entry to the

Administrator, Inspectors or Law Enforcement Officers for the purposes stated therein. In no event shall the Administrator, Inspectors or Law Enforcement Officers have the right to enter a residential structure or other structures not open to the public without the permission of the owner or occupant or an administrative search warrant first obtained. Prior to entering such residential structure or other structure not open to the public, the Administrator, Inspectors or Law Enforcement Officers shall advise the owner or occupant that such owner or occupant is not required to grant entry without the presentation of an administrative search warrant.

We agree with the Commission that the trial court misinterpreted the plain language of the Revised Code.

[14] Focusing on the plain text of the Revised Code, it is clear that Vaughn had a right to enter Powell's "premises" at a reasonable time for purposes of carrying out his duties. Powell did not refuse Vaughn's initial entry onto Powell's premises. In order to enter a residential *structure*, Vaughn would first have required either Powell's permission or an administrative warrant. Nothing in the record suggests, however, that Vaughn ever attempted to enter a structure. Rather, his inspection took place outdoors, and Vaughn removed himself from the premises immediately upon being asked.

[15] The trial court's finding that the events precipitating the citations began with an unlawful entry conflicts with the evidence offered. There was a complaint about the violations before Vaughn even arrived at Powell's residence. Vaughn's testimony included the fact that many of the photographs of the violations were taken from a public street, as the violations were plainly visible

to Vaughn. Those photographs were taken before Vaughn set foot on the property. Vaughn did enter Powell's property without explicit permission or an administrative warrant, which the Revised Code authorizes. A plain reading of the Revised Code establishes that these were not circumstances requiring explicit permission or a warrant. As long as Vaughn was carrying out his duties at a reasonable time and was not explicitly denied entry by Powell, Vaughn was permitted to enter Powell's premises pursuant to the Revised Code.

[16] The language of the statute is clear and unambiguous and must be applied as such. The trial court erroneously concluded that Vaughn's initial entry onto Powell's premises was unauthorized. Accordingly, the trial court's denial of the Commission's request for a permanent injunction is clearly erroneous.

## Conclusion

[17] We find that the trial court's judgment was clearly erroneous. We reverse and remand to the trial court with instructions to enter an order consistent with this opinion.

[18] Reversed and remanded.

Kirsch, J., and Pyle, J., concur.